In re Angel Luis CRUZ, Zoraida Cruz, Debtors.

Angel Luis Cruz and Zoraida Cruz, Movants,

v.

Educational Credit Management Corporation and Allied Interstate, Inc., Respondents.

No. 94–40692.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Oct. 27, 2000.

William H. Arey, Brace W. Luquire, Columbus, GA, for debtor.

### *MEMORANDUM OPINION*

JOHN T. LANEY, III, Bankruptcy Judge.

On September 6, 2000, the court held a hearing on Debtors' motion for contempt

against Educational Credit Management Corporation and Allied Interstate ("ECMC"). The court took under advisement the issues of whether ECMC's interception of Debtors' tax refund was in violation of the discharge injunction and whether collateral estoppel barred ECMC's actions. The court has considered the evidence, ECMC's brief, and the applicable statutory and case law. For the reasons that follow, the court will deny Debtors' motion.

## FACTS

On May 22, 1987, Debtor Angel Cruz obtained an educational loan in the amount of $2625.00 evidenced by a Promissory Note ("Note"). ECMC is the holder of the Note.

On June 24, 1994, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code ("Code") and on September 16, 1996, ECMC filed a Proof of Claim for $2271.90. On February 26, 1998, Debtors objected to this Proof of Claim. ECMC did not respond to the objection and, on July 9, 1998, this court entered an order disallowing the claim. The order stated that the claim was disallowed and that the "claim has been paid in full." Doc. # 46.

After completing their Chapter 13 plan payments, Debtors received a discharge on June 17, 1999. The order discharging Debtors excepted any debt "for a student loan ... as specified in 11 U.S.C. § 523(a)(8)." Doc. # 58. On July 16, 1999, the court entered a final decree closing the case.

On March 3, 2000, ECMC intercepted Debtors' federal income tax refund in the amount of $1522.00. ECMC applied the tax refund to Debtor Angel Cruz's student loan balance. On July 12, 2000, this court granted Debtors' motion to re-open their Chapter 13 case to pursue the present contempt action.

ECMC disputes that its claim was paid in full. The court's order, dated July 9, 1998 disallowing the claim, did not determine the dischargeability of the claim. According to ECMC, dischargeability may be determined only by an adversary proceeding. ECMC further asserts that its failure to object to the disallowance of the claim does not matter because student loans are presumptively nondischargeable. Moreover, because there has been no determination of dischargeability, ECMC also argues that collateral estoppel does not bar its actions.

Debtors, however, argue that collateral estoppel does bar ECMC's actions. The language in the July 9, 1998 order is clear; the "claim has been paid in full." Therefore, Debtors assert that the school debt was discharged. Debtors dispute that an adversary proceeding is required. They argue that this case is not any different merely because a school loan is involved; the fact that such loans are presumptively nondischargeable is irrelevant. As Debtors' counsel argued at the hearing, "[i]f any other creditor had failed to respond to an order stating the 'claim has been paid in full,' estoppel would apply."

On the issue of damages, Debtors assert that ECMC should be ordered to return the $1522.00 the tax refund that it intercepted. Debtors also request punitive damages in the sum of at least $500.00 for aggravation and agony that they allege has resulted from ECMC's letters and phone calls.

## DISCUSSION

The issue before the court is whether the court's order disallowing ECMC's claim discharged that debt. Also before the court is whether ECMC's failure to object to the court's disallowing its claim

collaterally estops ECMC from collecting post-bankruptcy. For reasons that follow, the court finds in favor of ECMC on both issues.

█ This court and other courts within this circuit have held that the disallowance of a claim does not necessarily discharge that debt. *See Bell v. ECMC*, 236 B.R. 426 (N.D.Ala.1999); *Pearson v. U.S. Dep't of Educ. and ECMC (In re Pearson)*, No. 95–30158, AP No. 99–3051 (Bankr.M.D. Ga. filed Sept. 1, 2000) (Hershner, C.J.); *Mathis v. Nebraska Student Loan Program, Inc. (In re Mathis)*, No. 95–41678, AP No. 97–4003 (Bankr.M.D. Ga. filed Nov. 20, 1997) (Laney, J.); *In re Shelbayah*, 165 B.R. 332, 335 (Bankr.N.D.Ga. 1994) (holding that "the allowance or disallowance of claims is unrelated to the dischargeability of those claims under section 523."). The court agrees with this line of cases.

As ECMC points out, *Bell* and *Mathis* were decided on facts very similar to the case before the court. In both cases, a student loan creditor filed a Proof of Claim to which debtors objected. Also, the creditors in each case did not respond to the objection. In *Bell*, the court reduced the claim and in *Mathis*, this court disallowed the claim. *See Bell* at 428; *Mathis* at 4. The court in *Bell* held that the order reducing the claim did not reduce the debt owed by Bell. 236 B.R. at 430. Likewise, this court in *Mathis* held that the disallowance of the claim did not discharge the debt. *See Mathis* at 6 (citing *In re Shelbayah*, holding that claim disallowance and dischargeability are different concepts).

The reasoning from these cases is clear in the plain language of § 1328(a) of the Code. In pertinent part, that subsection provides:

(a) ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

. . .

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title;

11 U.S.C. § 1328(a).

Furthermore, the court's June 17, 1999 discharge order tracked this language. As ECMC noted, that discharge order specifically excepted from discharge any debt "for a student loan or educational benefit overpayment as specified in 11 U.S.C. § 523(a)(8)." Doc. # 58.

█ Therefore, the court finds that its July 9, 1998 order disallowing ECMC's claim did not effectuate a discharge of Debtors' debt to ECMC. Educational loans are presumptively nondischargeable and Debtors will need to file an adversary proceeding to determine the dischargeability of their debt to ECMC.

█ The court now turns to the issue of collateral estoppel. "Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). In order for collateral estoppel to apply, the following four elements must be satisfied:

(1) the issue at stake must be identical to the one decided in the prior litigation;

(2) the issue must have been actually litigated in the prior proceeding;

(3) the prior determination of the issue must have been a critical and necessary part of the judgment in the earlier decision; and

(4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*See In re Mathis* at 7; *See also Merrill v. Walter E. Heller & Company of Alabama,* 594 F.2d 1064, 1067 (5th Cir.1979) (holding that the debtor has the burden of showing that collateral estoppel applies).

 Under the first element, the court finds that the issue at stake is not identical. The issue in the prior litigation involved a claim objection while the latter one entails the dischargeability of a student loan.

Under the second element, the court finds that the issue has not been actually litigated. As the court in *Mathis* noted, sustaining Debtors' objection to the claim was more akin to a default judgment which typically renders collateral estoppel inapplicable. *See Mathis* at 8.

Similarly, the court finds that the third element has not been established. The court disallowed the claim because of no response. Therefore, the determination could not have been a critical and necessary part of the judgment. *Id.* at 9.

The court finds that the burden of proof is the same in both proceedings and accordingly, the fourth element has been established. However, given the fact that the three other elements have not been established, the court finds that ECMC is not collaterally estopped from collecting on the debt post-bankruptcy.

In conclusion, the court finds that its order disallowing ECMC's claim did not discharge Debtors' liability to ECMC. Dischargeability may be determined by an adversary proceeding. The court also finds that ECMC's interception of Debtors' tax refund was not barred by collateral estoppel. Therefore, the court finds that ECMC did not violate the court's order. Accordingly, the court will deny Debtors' motion for contempt.

An order in accordance with this Memorandum Opinion will be entered.