**In the Matter of Terrance J. ZICH, Kathy E. Zich, Debtors.**

**Terrance J. Zich, Kathy E. Zich, Debtors,**

**v.**

**Wheeler Wolf Attorneys, Respondent.**

**No. 00–50707 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

March 31, 2003.

A.G. Knowles, Macon, GA, for Debtors.

Steven L. Latham, Bismarck, ND, for Respondent.

Laura D. Wilson, Office of the Chapter 13 Trustee, Macon, GA, for Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Terrance J. Zich and Kathy E. Zich, Debtors, filed on August 23, 2002, an Objection to Claim. Wheeler Wolf Attorneys, Respondent, filed a response on August 30, 2002. A hearing was held on January 6, 2003. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Debtors filed a joint petition under Chapter 13 of the Bankruptcy Code on February 25, 2000. Debtors scheduled as unsecured and nonpriority an obligation owed to Respondent for $10,270. Debtors' proposed Chapter 13 plan and a "notice to creditors" [1] were served on Respondent on March 1, 2000. The notice to creditors states that the deadline (the "bar date") for filing a proof of claim was June 26,

1. The notice to creditors is titled Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. *See* Official Bankr. Form B9I.

2000.[2] The notice to creditors further states: "To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor." Respondent did not timely file a proof of claim.

The Court entered an order on September 18, 2000, confirming Debtors' Chapter 13 plan. The confirmed plan "classified" and provided that Respondent's unsecured claim would "be paid 100%." Respondent received a number of distributions from the Chapter 13 Trustee.

Respondent sent letters dated April 25, 2002, to the Chapter 13 Trustee and to the Clerk of this Court. Respondent inquired as to the status of Debtors' Chapter 13 case.

The Clerk of this Court sent Respondent a letter dated May 8, 2002. The Clerk explained, in part, that Debtors had defaulted on their plan payments and provided other information concerning Debtors' case.

■ Respondent filed a proof of claim on May 3, 2002.[3] Respondent asserts an unsecured, nonpriority claim for $10,270.22. Debtors filed on August 23, 2002, an objection to Respondent's claim. Debtors urge the Court to disallow Respondent's claim because the claim was filed after the bar date.

■ An unsecured creditor must file a proof of claim for the claim to be allowed. The proof of claim, to be timely filed in a Chapter 13 case, must be filed, with certain exceptions, no later than ninety days after the first date set for the meeting of creditors.[4] A court may enlarge the time for filing a proof of claim only to the extent and under the conditions stated in Rule 3002(c).[5]

■ The bar date for filing a proof of claim in a Chapter 13 case cannot be extended because of excusable neglect or through the court's general equity powers. The court cannot allow an untimely proof of claim in a Chapter 13 case unless one of the exceptions set forth in Rule 3002(c) is met.[6] *In re Jones,* 154 B.R. 816 (Bankr. M.D.Ga.1993); 9 *Collier on Bankruptcy* ¶ 3002.03[1] p. 3002–11 (15th ed. rev.2003).

2. Fed. R. Bankr.P. 3002 (unsecured creditor must file proof of claim for the claim to be allowed no later than ninety days after first date set for meeting of creditors).

3. Respondent contends that it was advised by the Chapter 13 Trustee's office to file a proof of claim.

4. Fed. R. Bankr.P. 3002(a), (c). This rule provides, in part, as follows:

> **Rule 3002. Filing Proof of Claim or Interest**
> **(a) Necessity for filing**
> An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
> . . . .
> **(c) Time for filing**
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter

13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
> . . . .

5. *See* Fed. R. Bankr.P. 9006(b)(3). This rule provides as follows:

> **Rule 9006. Time**
> . . . .
> **(b) Enlargement**
> . . . .
> **(3) Enlargement limited**
> The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

6. Respondent does not contend that any of the exceptions set forth in Rule 3002(c) have been met.

Simply stated, in a Chapter 13 case, a claim is disallowed unless a proof of claim is timely filed. *In re Andrew,* 162 B.R. 46, 49 (Bankr.M.D.Ga.1993).

Respondent asserts several grounds in arguing that it should continue to receive distributions from the Chapter 13 Trustee. First, Respondent argues that Debtors defaulted on their postconfirmation payments to the Chapter 13 Trustee. The Chapter 13 Trustee filed a motion to dismiss Debtors' Chapter 13 case and a motion to convert the Chapter 13 case to a Chapter 7 case. Debtors agreed to a strict compliance order, thereby resolving the motion to dismiss and motion to convert. Respondent argues that it continued to receive distributions from the Chapter 13 Trustee through August of 2002.

The Court notes that these events occurred after the bar date and cannot excuse Respondent's failure to timely file a proof of claim. The law is clear that a claim is disallowed unless a timely proof of claim is filed.

■ Next, Respondent argues that Debtors' confirmed Chapter 13 plan expressly provides that the obligation at issue would "be paid 100%." The provisions of a confirmed Chapter 13 plan bind the debtor and the creditor.[7] However, after confirmation of a Chapter 13 plan, distribution is only made to creditors whose claims have been "allowed."[8] Courts have held that, absent a timely proof of claim, a creditor is not entitled to receive a distribution even though the confirmed plan provides for payments on the claim. *In re Greenig,* 152 F.3d 631 (7th Cir.1998) (Chapter 12 case); *In re Baldridge,* 232 B.R. 394 (Bankr.N.D.Ind.1999); *Walters v. Sherwood Municipal Court (In re Walters),* 219 B.R. 520, 523 n. 1 (Bankr. W.D.Ark.1998); Keith M. Lundin, 4 *Chapter 13 Bankruptcy 3D Edition* ¶ 288.1, p. 288–7, –8 (3d ed. 2000 & Supp.2002) ("[n]o matter how specific the plan provision for payment of a creditor, only allowed claims can be paid through the plan").

The Court also notes the statement in the notice to creditors that provides, "To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor." Thus, Respondent was given specific notice by the Court of the requirement for Respondent to file a proof of claim.

Finally, Respondent argues that its claim arises from representing Debtors in child support, custody, and visitation litigation. Some of Debtors' obligations may be nondischargeable in bankruptcy.[9] But, disallowance of a claim and nondischargeability are separate issues. *Cruz v. Educational Credit Management Corp. (In re Cruz),* 277 B.R. 793 (Bankr.M.D.Ga.2000); *In re Walters,* 219 B.R. at 523 n. 1. Nondischargeability actions must be brought through an adversary proceeding.[10]

---

7. 11 U.S.C.A. § 1327(a) (West 1993). This section provides as follows:
    **§ 1327. Effect of confirmation**
    (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

8. Fed. R. Bankr.P. 3021. This section provides, in part, as follows:
    **Rule 3021. Distribution Under Plan**

Except as provided in Rule 3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, . . .
Distribution in Chapter 13 cases is further governed by 11 U.S.C.A. § 1326 (West 1993).

9. 11 U.S.C.A. § 1328(a)(2) (West Supp.2002).

10. Fed. R. Bankr.P. 7001(6).

The Court is persuaded that Respondent's claim must be disallowed because it was filed after the bar date.

An order in accordance with this memorandum opinion will be entered this date.