In the Matter of Sharon L.
DURHAM, Debtor.

Americredit Financial
Services, Movant,

v.

Sharon Durham, Debtor, and Camille
Hope, Trustee, Respondents.

No. 02–54569 RFH.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Jan. 21, 2005.

Robert M. Matson, Macon, GA, for Debtor.

Philip L. Rubin, Attorney at Law, Atlanta, GA, for Movant.

Camille Hope, Macon, GA, Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Americredit Financial Services, Movant, filed on June 28, 2004, its Motion to Allow Late Proof of Claim Pursuant to 11 U.S.C. § 502(j). Sharon Durham, Debtor, filed an amended response on July 29, 2004. The motion and the amended response came on for hearing on October 18, 2004. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Debtor purchased a 2001 Chevrolet Blazer (hereafter the "vehicle") from an automobile dealer on August 12, 2002. Movant financed the purchase and was granted a security interest in the vehicle. The automobile dealer failed to timely submit the title documents to the Georgia Department of Motor Vehicles to perfect Movant's security interest.

Debtor, after purchasing the vehicle, was injured and had financial problems. Debtor filed a petition under Chapter 13 of the Bankruptcy Code on October 7, 2002. The last date for creditors to file timely proofs of claim was February 3, 2003. Movant contends that it sent to the Court via United States mail a proof of claim on December 24, 2002. The Court has no record of receiving the proof of claim.[1]

The Court entered an order confirming Debtor's Chapter 13 plan on March 18, 2003. Movant became aware that its proof of claim had not been received by the Court. Movant filed a proof of claim on

---

1. *See Adams v. Segars, (In re Segars )*, Ch. 7 Case No. 89–30334, Adv. No. 89–3032 (Bankr.M.D.Ga., Nov. 20, 1989) (Hershner, C.J.) (mailing is not the equivalent of filing.); *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916) (filing is not complete until the document is delivered to and received by the proper official; filing means to deliver).

June 13, 2003, asserting a secured claim for $15,040.07.[2] Movant asserted that its claim was secured by Debtor's vehicle.

The Chapter 13 Trustee filed on September 5, 2003, a complaint to avoid as a preferential transfer the untimely perfection of Movant's security interest in Debtor's vehicle. Movant filed on September 26, 2003, a response to Trustee's complaint. Movant and Trustee reached an agreement. The Court entered a consent order on October 10, 2003. The consent order provides in part that: (1) Movant's security interest in the vehicle would be avoided; (2) Movant's claim would be designated as an unsecured claim; (3) upon completion of Debtor's Chapter 13 plan, Movant would release its security interest and return the title to Debtor; and (4) Trustee would file a motion to modify Debtor's Chapter 13 plan to provide for payment of a dividend to unsecured creditors in an amount equal to the value of the vehicle, plus interest.

Trustee filed on October 21, 2003, a motion to modify Debtor's Chapter 13 plan as provided in the consent order. Debtor filed on October 28, 2003, an objection to Movant's claim. Debtor contented that Movant's claim should be disallowed because it was filed after the bar date. Movant filed a response to Debtor's objection on November 20, 2003. Movant filed on December 15, 2003, a withdrawal of its response. The Court entered an order on December 18, 2003, disallowing the claim

filed by Movant. On June 28, 2004, Movant filed its Motion to Allow Late Proof of Claim Pursuant to 11 U.S.C. § 502(j). Movant asks the Court to reconsider the order disallowing its claim.

Debtor has possession of the vehicle. Debtor is disabled and receives workers compensation benefits. Debtor will complete her Chapter 13 plan payments in about five months.

■ Movant has the burden of proving that reconsideration of its claim is appropriate. *In re Rayborn,* 307 B.R. 710, 720 (Bankr.S.D.Ala.2002).

■ Bankruptcy Rule 3008 provides in part that, after a hearing on notice, a court shall issue an appropriate order on a motion to reconsider an order disallowing a claim. Fed. R. Bank. P. 3008.[3] The motion to reconsider must be made within the time provided by Rule 60(b) unless the order disallowing the claim was "entered without a contest." Fed. R. Bank. P. 9024.[4] *See* 9 *Collier on Bankruptcy* ¶ 3008.01[3], p. 3008–4 (15th ed. rev.2004). Movant's motion to reconsider was filed about six months after the order disallowing its claim was entered. The Court will assume without deciding that Movant's motion was filed within the time requirements of Rule 9024.

■ In a Chapter 13 case, a creditor must file a timely proof of claim for the claim to be allowed. Only a creditor

2. The proof of claim was filed after the bar date. It was therefore not timely filed.

3. Bankruptcy Rule 3008 provides:
   **Rule 3008. Reconsideration of Claims**
   A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.
   Fed. R. Bank. P. 3008.

4. Bankruptcy Rule 9024 provides in part:

**Rule 9024. Relief from Judgment or Order**
   Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)
   . . . .
Fed. R. Bank. P. 9024.

whose claim has been allowed receives a distribution through a Chapter 13 plan. *Zich v. Wheeler Wolf Attorneys, (In re Zich),* 291 B.R. 883, 886 (Bankr.M.D.Ga. 2003).

██ "The bar date for filing a proof of claim in a Chapter 13 case cannot be extended because of excusable neglect or through the court's general equity powers. The court cannot allow an untimely proof of claim in a Chapter 13 case unless one of the exceptions set forth in Rule 3002(c) is met." *Id.* at 885.

Movant did not file a proof of claim prior to the bar date. Thus, Movant's claim, to be allowed, must come within one of the exceptions set forth in Bankruptcy Rule 3002(c).

Movant relies upon Bankruptcy Rule 3002(c)(3) which provides:

**Rule 3002. Filing Proof of Claim or Interest**

. . .

**(c) Time for Filing**

In a Chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

. . .

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

Fed. R. Bank. P. 3002(c)(3).

Under Bankruptcy Rule 3002(c)(3) a creditor whose security interest is avoided may file an unsecured claim within thirty days after the judgment becomes final. Movant did not file a proof of claim within thirty days after the consent order became final. Movant had filed an untimely secured claim some four months prior to the consent order.

█ "If the creditor has already timely filed a claim, Rule 3002(c)(3) does not *require* that a new claim be filed after entry of a judgment regarding the creditor." 9 *Collier on Bankruptcy* ¶ 3002.03[4] n. 34 (15th ed. rev.2004) (emphasis original). *See Prestige Limited Partnership–Concord v. East Bay Car Wash Partners, (In re Prestige Limited Partnership–Concord),* 234 F.3d 1108, 1118 (9th Cir.2000) (proof of claim for unsecured debt filed prior to judgment becoming final satisfies Rule 3002(c)(3)).

In the case at bar, Movant did not file a timely proof of claim prior to the consent order becoming final. Movant did not file a proof of claim within thirty days after entry of the consent order. The Court is not persuaded that Movant's untimely proof of claim comes with the exceptions of Rule 3002(c)(3).

Movant also relies upon section 502(j) of the Bankruptcy Code [5] which provides in

---

5. Section 502(j) provides:
   **§ 502. Allowance of claims or interests**
   . . .
   (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate

part that a claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

"Reconsideration under 502(j) is a two-step process. A court must first decide whether 'cause' for reconsideration has been shown. Then, the court decides whether the 'equities of the case' dictate allowance or disallowance of the claim." *In re Rayborn,* 307 B.R. at 720.

"[The] reconsideration of a claim cannot upset proper distributions already made to holders of other allowed claims. Reconsideration resulting in a higher allowed claim should have the effect of suspending distributions to other like claims until the reconsidered claim catches up." 4 *Collier on Bankruptcy,* ¶ 502.11[2], p. 502–76 (15th ed rev.2004).

Courts generally consider the following factors when asked to reconsider an order disallowing a claim: (1) the length of the delay; (2) whether the delay would prejudice the debtor or creditors; (3) the reason for the delay, (4) the effect on efficient court administration; (5) the creditor's good faith; and (6) whether the creditor has a meritorious claim. *Kirwan v. Vanderwerf, (In re Kirwan),* 164 F.3d 1175, 1177–78 (8th Cir.1999); *Smith v. Fairbanks Capital Corp., (In re Smith),* 299 B.R. 687, 691–92 (Bankr.S.D.Ga.2003) (Walker, J.); *In re Van Dyke,* 286 B.R. 858, 860–61 (Bankr.C.D.Ill.2001); *In re*

*Schaffer,* 173 B.R. 393, 394–95 (Bankr. N.D.Ill.1994).

Turning to the case at bar, the Court is not persuaded that "the equities of the case" favor the allowance of Movant's claim. Movant's security interest in the vehicle was not timely perfected.[6] Movant failed to timely file a proof of claim. Movant made a decision to withdraw its response to Debtor's objection. Movant did not appeal the order disallowing its claim. Movant did not move the Court to reconsider the disallowance of its claim until six months later. This "series of mistakes... converged to create an unfortunate predicament for [Movant]" *In re Rayborn,* 307 B.R. at 726.

Debtor has complied with the provisions of her Chapter 13 plan. Debtor's Chapter 13 plan was modified to provide for payment of a dividend to unsecured creditors in an amount equal to the value of the vehicle, plus interest. Debtor will complete her Chapter 13 plan in about five months. Distributions to unsecured creditors are almost complete. If Movant's claim is allowed Debtor would be forced to stay in bankruptcy for a longer time. This would not be fair or equitable because Movant's actions have caused its predicament.

An order in accordance with this memorandum opinion shall be entered this date.

---

made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other hold-

er. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

11 U.S.C.A. § 502(j) (West 2004).

6. Movant has filed a complaint in state court against the automobile dealer that failed to timely perfect the security interest. *See* Debtor's Exhibit G.